SUGG, Justice:
Charles Mills filed suit against L. O. Bennett in the County Court of Jackson County, Mississippi for liquidated damages in the amount of $3,500. At the conclusion of plaintiff’s case the court granted a directed verdict for the defendant Bennett. Mills appealed to the Circuit Court of Jackson County, Mississippi which reversed and granted a new trial. The order of the circuit judge recited:
That the lower court erred in granting the Appellee a peremptory instruction insomuch as this court feels there was sufficient evidence to present a question of fact for the jury to determine.
A new trial was held in the circuit court resulting in a jury verdict and judgment against Bennett for the sum of $3,500 from which he prosecutes this appeal.
Bennett’s first assignment of error is that the circuit court erred in reversing the judgment of the county court because no assignment of error was filed in the circuit court. This contention is without merit because it is apparent from the order of the circuit judge that the parties submitted written briefs and oral argument to him, and upon consideration he reversed the county court and set forth a specific ground for reversal.
In his second assignment of error Bennett contends that the county court *910 properly directed a verdict for the defendant. We agree with the judgment of the circuit court that there was sufficient evidence to present a question of fact for submission to a jury.
Bennett also assigns as error the refusal of the court to grant three instructions requested by him.[1] Instruction No. 3 should have been given, but since it does not affirmatively appear from the whole record that the judgment has resulted in a miscarriage of justice, we hold that failure to give the instruction was harmless error. Rule 11, Rules of the Supreme Court.
Consideration of the refusal to grant Instructions Nos. S and 7, requires a summary of the evidence.
Charles Mills, plaintiff, was a marine broker and in the course of his business was contacted by Bennett about purchasing two vessels. After Mills had several conversations with Bennett, Bennett, together with Mr. Branch and Mr. Abbrason, agreed to purchase the vessel Eugene Island for $25,000 and pay a deposit of $2500 and purchase the vessel Willows and pay a deposit of $1,000. The purchaser shown on the deposit receipts was A. & B. Enterprises, Ltd., a nonexistent corporation. The deposit receipt was signed by Douglas Branch as president of A. & B. Enterprises, Ltd. and his personal check for $3500 was given to Mills as a deposit on the purchase of the two vessels. A few days later when it was ascertained that funds were not available to pay this check Bennett substituted his check in the amount of $3500 for the personal check of Branch with the following notation thereon, “Deposit on vessel Eugene Island and Willows.” The check of Bennett was returned marked “insufficient funds” and several months later, after being re-presented for payment, was returned marked “payment stopped.”
Since Bennett delivered his check to Mills as a deposit to replace the check of Branch, he thereby became liable to Mills in accordance with the terms of the deposit receipts; therefore, the court properly refused Instructions 5 and 7.
The court permitted recovery by Mills, in his suit against Bennett, of the entire $3500 deposit; however, we notice plain error under Mississippi Supreme Court Rule 6(b) because the $3500 deposit was to be forfeited as liquidated damages if the purchase of the vessels was not completed, one-half to Mills and one-half to the owners of the vessels. The owners of the vessels were not parties to the suit and *911 Mills can recover only that part of the deposit to which he was entitled, which is one-half.
We affirm as to the right of Mills to a judgment, but reverse as to the amount and reduce the judgment to $1,750.
Affirmed in part, reversed in part and rendered.
RODGERS, P. J., and PATTERSON, INZER and WALKER, JJ., concur.

. INSTRUCTION NO. 3 FOR DEFENDANT
The Court instructs the jury for the Defendant that where the contracts are prepared by the Plaintiff, in this case Charles Mills, any ambiguity in the contracts are to be resolved in favor of the party who did not prepare the contracts, in this case L. O. Bennett. In other words, any ambiguity in the contracts involved in this case must be resolved in favor of the Defendant, L. O. Bennett.
INSTRUCTION NO. 5 FOR DEFENDANT
The Court instructs the jury for the Defendant, that a corporation or limited partnership is treated as an entity in itself. As a legal entity, the limited partnership is treated the same as an individual is treated where the formation of a contract is concerned. If you find from a preponderance of the evidence that Charles Mills entered into a contract with someone other than B. O. Bennett, the Defendant, and that the other person or entity is the person or entity with whom the Plaintiff had an agreement, then it is your duty to return a verdict for the Defendant.
INSTRUCTION NO. 7 FOR DEFENDANT
The Court instructs the jury for the Defendant, that a corporation or limited partnership is treated as an entity in itself. As a legal entity, the limited partnership is treated the same as an individual is treated where the formation of a contract is concerned. If the Plaintiff failed to prove by a preponderance of the evidence that he entered into a contract with L. O. Bennett, the Defendant, or if the evidence shows that the Plaintiff entered into a contract with some other person or entity other than L. O. Bennett, then it is your duty to return a verdict for the Defendant.